3:06-cv-03124-JES-CHE   # 47   Filed: 12/13/07   Page 1 of 4

E-FILED
Thursday, 13 December, 2007   10:33:43 AM
Clerk, U.S. District Court, ILCD

10549-R0923
G:\23\R0923\R0923PMI 015
TKH:jeg

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| HENRY KOESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 06-3124 |
| | ) |
| AMERGEN ENERGY COMPANY, LLC | ) |
| and EXELON CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE EVIDENCE OF NERVE BIOPSY**

NOW COME the Defendants, AMERGEN ENERGY COMPANY, LLC, and EXELON CORPORATION, by JAMES C. KEARNS and TAMARA K. HACKMANN, of Heyl, Royster, Voelker & Allen P.C., and RALPH H. JOHNSON, of Blank Rome LLP, their attorneys, pursuant to Fed. R. Civ. P. 37(C) and for their Motion to Strike Evidence of Nerve Biopsy, state as follows:

1. In his December 3, 2007 response to Defendants' summary judgment motion, Plaintiff disclosed, *for the first time*, that Dr. Pencik at Memorial Medical Center in Springfield, Illinois performed a nerve biopsy on his left foot and ankle on August 30, 2007. See Exhibit 3, Affidavit of Henry Koester, to Plaintiff's Response to Defendants' Motion for Summary Judgment, at ¶ 10 (Docket 41-3). Plaintiff's counsel also filed an affidavit stating, *for the first time*, that he received Plaintiff's biopsy report on or about October 9, 2007. Id.

2. Although the information was known to him prior to the November 30, 2007 close of discovery, Plaintiff has yet to supplement his discovery responses to identify Dr. Pencik as a

1

provider of health services, and he has yet to produced a copy of the nerve biopsy, and all related information to Defendants.

3. Plaintiff's Complaint was filed on February 10, 2006.

4. The discovery deadline in this case was November 30, 2007.

5. Defendants served Plaintiff with Requests for Production of Documents on September 25, 2006.

6. Defendant Amergen's Request for Production of Documents 5, 38, 39 requested the following:

> 5. Any and all medical reports, medical records (including but not limited to x-rays, myelographic and CT scan films), bills, or other writings relating in any manner to the injuries or illness allegedly sustained by the plaintiff, Henry Koester, as a result of the occurrence in question or subsequent hereto.
>
> 38. All documents including, but not limited to, correspondence sent to or received from claimant's medical providers.
>
> 39. Any and all medical records concerning the claimant, whether or not alleged to relate to the injury or damages suffered as a result of this incident.

See Exhibit 1, attached hereto.

7. Defendants' interrogatories also asked Plaintiff to identify all health professionals from whom he had received any type of service. See Exhibit 2, Interrogatory 2.

8. A party has a duty to supplement his discovery responses pursuant to Fed. R. Civ. P. 26(e).

9. Pursuant to Fed. R. Civ. P. 37(c), a party that without substantial justification fails to supplement his discovery responses is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

10. Plaintiff failed to disclose the fact, and results, of his nerve biopsy prior to the November 30, 2007 close of discovery, even though his attorney has had a copy of the biopsy

report for nearly two months before discovery ended. Plaintiff never supplemented his discovery responses, or disclosures to identify the doctor who performed his nerve biopsy as one of his physicians, even though Dr. Pencik performed the nerve biopsy three months before the close of discovery. There is no conceivable grounds for argument that such failure to disclose was harmless and/or justifiable. Plaintiff should therefore be precluded from offering any evidence of the nerve biopsy results in an attempt to avoid summary judgment.

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that the court enter an order prohibiting Plaintiff from offering any evidence of the purported nerve biopsy.

s/ Tamara K. Hackmann
James C. Kearns
Tamara K. Hackmann
Attorney for Defendant
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone/217-344-9295 Fax
E-mail: jkearns@hrva.com

Ralph H. Johnson
Attorney for Defendants
Blank Rome LLP
Watergate
600 New Hampshire Avenue, NW
Washington D.C., 20037
202-772-5973 Phone/202-772-1684 Fax
E-mail: JohnsonRH@BlankRome.com

**PROOF OF SERVICE**

   I hereby certify that on December 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Nicholas M. Schiro
Tuggle, Schiro & Lichtenberger
P.O. Box 1726
Danville, IL  61834

Mr. John H. Otto
Attorney at Law
Zimmerly, Gadau, Selin & Otto
116 North Chestnut, Suite 200
P.O. Box 3998
Champaign, IL  61826-3998

                   s/Tamara K. Hackmann
                   Attorney for Defendants
                   Heyl, Royster, Voelker & Allen
                   Suite 300
                   102 E. Main Street
                   P.O. Box 129
                   Urbana, IL 61803-0129
                   217-344-0060 Phone
                   217-344-9295 Fax
                   E-mail: jkearns@hrva.com